FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUN 27  PM 3: 01

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHARLES A. TAYLOR | * | CIVIL ACTION |
| VERSUS | * | NO. 06-1586 |
| LEXINGTON INSURANCE COMPANY | * | SECTION "B"(3) |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand. (Rec. Doc. No. 8). For the following reasons, **IT IS ORDERED** that the motion is hereby **GRANTED**.

### BACKGROUND

On February 6, 2006, Plaintiff, Charles A. Taylor, filed a Petition for Damages (Rec. Doc. No. 1 at "Ex. 1") against Defendant foreign insurance company, Lexington Insurance Company ("Lexington"). Plaintiff's home in New Orleans, Louisiana suffered wind damage due to Hurricane Katrina. Plaintiff filed a claim for damages and theft and a Lexington adjuster investigated Plaintiff's claim on October 20, 2005. (Rec. Doc. 1 at "Ex. 1 ¶9"). The adjuster's estimate of covered damages (the "report") was forwarded to Plaintiff on or about October 22, 2005.

On or about December 9, 2005, Plaintiff notified Lexington in writing of inaccuracies in the report and explained Plaintiff

_\_\_ Fee_____
_\_\_ Process_____
_X\_ /Dktd _____
_✓ CtRmDep_____
_\_\_ Doc. No_____

requested a second adjustment and correction of the report from a separate adjusting company, Integrity. On January 3, 2006, Plaintiff was advised that a separate report was required for stolen property and Plaintiff opened a new claim. Plaintiff received $36,557.32 and a subsequent payment of $16,470.32. (Rec. Doc. No. 8 at "Ex. B"), an amount Plaintiff contends represents an undervaluation of his roof damage.

Plaintiff brought various claims against Lexington in state court on February 3, 2006 and Defendant provided timely notice of removal on the basis of diversity jurisdiction (Rec. Doc. No. 1). Plaintiff filed the instant motion to remand, contending the amount in controversy does not exceed $75,000 dollars. (Rec. Doc. No. 8). Plaintiff includes a purported stipulation in support of remand, seeking to clarify any ambiguity regarding the amount in controversy. (Rec. Doc. No. 8 at "Ex. 1").

## LAW AND ANALYSIS

### A. Standard for Remand

A defendant may generally remove a civil action filed in state court if the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). Here, Defendant asserted federal subject matter jurisdiction and removed this case on the basis of diversity of citizenship and an amount in controversy in

2

excess of $75,000. <u>See</u> 28 U.S.C. §§ 1441(b), 1332.

The removing party bears the burden of establishing federal jurisdiction. <u>St. Paul Reinsurance Company, Ltd. v. Greenberg</u>, 134 F.3d 1250, 1253 (5th Cir. 1998). The jurisdictional facts supporting removal are examined as of the time of removal. <u>See Association Nacional de Pescardores a Pequena Escala o Artesanales de Columbia v. Dow Quimica de Colombia S.A.</u>, 988 F.2d 559, 565 (5th Cir. 1993) (hereinafter "<u>ANPAC</u>"). Nevertheless, the case must be remanded to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The parties agree that diversity of citizenship exists, but contest whether the amount in controversy requirement is satisfied.

The Louisiana Code of Civil Procedure prohibits a plaintiff from specifying a monetary demand in his or her petition. La. C.C.P. Art 893(A)(1).[1] "[W]hen a complaint does not allege a

---

[1] Louisiana Code of Criminal Procedure Article 893(A)(1) (2005) provides:

> <u>No specific monetary amount of damages shall be included in</u> the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general

specific amount in damages, the party invoking jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." <u>St. Paul Reinsurance Co.</u>, 134 F.3d at 1253 (articulating standard of more likely than not that the amount of the claim will exceed the jurisdictional amount). <u>See also</u> <u>De Aguilar v. Doeing Co.</u>, 47 F.3d 1404, 1412 (5th Cir. 1995).

Determining the amount in controversy is a two-step process: first the complaint is examined to determine whether it is "facially apparent" that the claim exceeds the jurisdictional amount. <u>See</u> <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir. 1995). Second, if the amount is not facially apparent, the court may rely on "summary judgment-type" evidence to determine the amount in controversy. <u>See</u> <u>De Aguilar</u>, 47 F.3d at 1412. Once a defendant shows that the amount in controversy exceeds $75,000, the burden shifts to the plaintiff to show that she will not be able to recover more than the amount claimed in the state court complaint. <u>See</u> <u>id.</u> at 1411-12.

────────────────

 allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate.

(emphasis added).

4

To meet the burden of proving federal jurisdiction, the
Defendant must prove an amount in controversy in excess of
$75,000. See Allen, 63, F.3d 1326. In support of removal,
Defendant points to the face of the Complaint, contending the
claims alone may exceed the $75,000 amount in controversy
requirement. Here, Plaintiff seeks declaratory relief under state
law, amounts due under the [insurance] policy but not yet paid";
statutory penalties for breach of duty to timely effect proper
loss of adjustment of Plaintiff's property damage; consequential
damages due to Plaintiff's inability to make repairs which lead
to additional losses; and attorneys fees and costs. (Rec. Doc.
No. 1 at "Ex. 1 ¶22"). Pursuant to Louisiana law, the Complaint
does not allege a specific amount of damages. (Rec. Doc. No. 5 at
Ex. A).

## B. Stipulation

Plaintiff contends the amount in controversy is not met and
submits an affidavit to clarify that the amount due, but not yet
paid, will not exceed $75,000. To date, Lexington has paid
$36,557.32 and $16,470.32. (Rec. Doc. No. 8 at "Ex. B").
In ANPAC, the Fifth Circuit identified the following
circumstances where the removing party fails to satisfy its
burden of showing that removal is appropriate:

> (1) the complaint did not specify an amount of
> damages, and it is not otherwise facially apparent
> that the damages sought or incurred were likely above
> [$75,000]; (2) the defendants offered only conclusory
> statement in their notice of removal that was not
> based on direct knowledge about the plaintiff's
> claims; and (3) the plaintiff timely contested removal
> with a sworn, unrebutted affidavit indicating that the
> requisite amount in controversy was not present.

988 F.2d at 566. Plaintiffs' sworn affidavits may not defeat removal by subsequently changing a damage request, because post-removal events cannot deprive a court of jurisdiction once it has attached. Id. at 565 (citing St. Paul Mercury, 303 U.S. at 292). However, courts may unequivocally consider "affidavits [to] clarify a petition that previously left the jurisdictional question ambiguous. Under those circumstances, the court is still examining the jurisdictional facts *as of the time* the case is removed, but the court is considering information submitted after removal." Id. (emphasis in original). On the other hand, courts may not consider affidavits if the plaintiff "seeks to reduce, rather than clarify, his demand after removal." Marcel v. Pool Co., 5 F.3d 81, 85 (5th Cir. 1993).

The Court finds Plaintiff's stipulation satisfies the ANPAC test and we consider it in determining the amount in controversy. First, neither party contests that Plaintiff's Complaint did not

6

specify an amount of damages. From the face of the Complaint, it is not apparent that the damages are likely to be above $75,000 dollars. In fact, the insurance company has already paid Plaintiff over $60,000 dollars for roof and fence damage following Hurricane Katrina. Second, the Defendant offered nothing more than a conclusory statement in their notice of removal that the claims may reach over $75,000 dollars due to the statutory penalties Plaintiff claims. Defendant failed to offer any summary judgment type evidence, documentation, or analysis to support the amount in controversy requirement. Finally, the Plaintiff timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present. Plaintiff, instead, suggests the remaining amount due under the insurance policy will reach close to $31,000 (minus the recent March, 2006 payment of $5,581.00).  The Court finds the stipulation appropriately clarifies ambiguities found on the face of the Complaint.

## C. Statutory Penalties

Defendant points to Plaintiff's (1) future possible claims of $44,894.11 and (2) the penalty provisions of Louisiana Revised Statutes 22:658 and 22:120[2] as satisfying the amount in

_____

[2]Plaintiff claims Defendant "breached its affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims[]" and requests penalties under La. Rev. Stat. Ann. §22:658(A)(3) and La. Rev. Stat. Ann. §22:1220. (Rec.

controversy. First, the Defendant notes Plaintiff's stipulation preserves the right to seek $44,894.11 under the policy as recoverable depreciation, partial reimbursement, and lost contents. Plaintiff argues that under the insurance policy, he has no current right to demand this amount. The Court agrees. Following the plain language of the insurance policy, Section 1(2)(b), Lexington "will pay no more than the actual value for the loss or damage until the actual repair or replacement is complete." (Rec. Doc. No. 8 at "Ex. C"). In fact, the Defendant has not shown that at the time of removal, Plaintiff's claim included this prospective claim, nor does he argue otherwise. Therefore, the Court is unable to consider it in calculating the amount in controversy.

The Defendant points next to Louisiana Revised Statutes 22:658 and 22:120, which provide for statutory penalties when an insurance company fails to timely pay a claim after receiving adequate proof of loss when the failure is to pay a claim is "arbitrary, capricious, or without probable cause." See, e.g., St. Paul Reins. Co., LTD. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998) (considering statutory penalties in determining amount

_____

Doc. No. 8 at "Ex. A ¶ 22").

8

in controversy). La. Rev. Stat. Ann. §22:658 and §22:1220 are considered penal in nature, strictly construed by Louisiana courts.  Reed v. State Farm Mut. Auto. Ins. Co., 857 So.2d 1012, 1020 (La. 2003) (citing Hart v. Allstate Ins. Co., 437 So.2d 823, 827 (La. 1983)).

First, under La. Rev. Stat. Ann. §22:658(B)(1),[3] "in the event of a partial payment," as here, Plaintiff is entitled to "twenty-five percent of the difference between the amount paid or tendered and the amount found to be due." Plaintiff has stipulated to an amount of "less than $31,000" in damages for the "amount due under the policy but not yet paid." (Rec. Doc. No. 8 at "Ex. B"). Based on this amount, the recovery under 22:658 is 25% of the difference between the amount paid ($53,027.64) and

---

[3]Specifically, La. Rev. Stat. Ann. §22:658 provides:
A. (3)...In the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim *within thirty days* after notification of loss by claimant.  Failure to comply with the provisions of this Paragraph shall subject the insurer to the penalties provided in R.S. 22:1220.  (Emphasis added).

B. (1)...when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss,...in the event a partial payment or tender has been made, [25%] of the difference between the amount paid or tendered and the amount found to be due.

the amount alleged to be due (<$31,000), which is approximately $22,027.65 (53,027.64 - 31,000). The total is approximately $5506.91.

In addition, the penalty under section 22:658(A)(3) refers La. Rev. Stat. Ann. §22:1220(C), which provides for double damages ("...two times the damages sustained. . .") or $5,000, whichever is greater. La. Rev. Stat. Ann. §22:1220(C). 22:1220 provides for a doubling of the loss attributable to the insurer's breach of duties imposed under the statute. Pride v. Am. Sec. Ins. Co., No. Civ.A. 02-2748, 2003 WL 1618566, at *2 (E.D.La. March 26, 2003); In the Matter of Hannover Corp. of Am., (hereinafter "Hanover") 67 F.3d 70, 76 (5th Cir. 1995) ("a penalty award under section 22:1220 requires proof of damages arising from the breach"); Princess Boat Rental, Inc. v. McGriff, Seibels & Williams of Tex., Inc., 1999 WL 893569, *3 (E.D.La. Oct. 15, 1999) ("the plaintiff is entitled to recover any damages which it can prove at trial are directly attributable to the insurer's breach of duties set forth in 22:1220"). The loss to the insured is usually made up of the amount of interest the insured would have earned on amounts plaintiff was forced to expend due to the insurer's delay in paying a claim.  Pride, 2003 WL 1618566 at *2 (citing La. Civ. Code art. 2000).

10

In this case, Plaintiff has alleged consequential damages due to "[D]efendant's failure to engage in proper loss adjustment." (Rec. Doc. No. 8 at "Ex. A ¶ 22"). However, the Defendant, who bears the burden of demonstrating the amount in controversy is met, has not pointed to any evidence which suggests any specific value for the loss attributable to its alleged mishandling of the claim. "In the absence of proof of the amount of the consequential damages resulting from a violation of 22:1220, courts impose the alternate $5000 penalty." Id. (citing Hannover, 67 F.3d at 76, Hall v State Farm Mut. Auto Ins. Co., 658 So.2d 204, 206 (La. Ct. App. 3rd Cir. 1995), Midland Risk Ins. Co. v. State Farm Mut. Auto Ins. Co., 643 So.2d 244 (La. Ct. App. 3rd Cir. 1994), Harris v. Fontenot, 606 So. 2d 72 (La. Ct. App. 3rd Cir. 1992), Estate of Robichaux v. Jackson Nat'l Life Ins. Co., 821 F.Supp.431, 431-32 (E.D. La. 1993)).

As several courts have noted, because "§ 1220 provides a greater penalty, it supersedes § 658, so that the insured cannot recover penalties under both." Pride v. Am. Sec. Ins. Co., No. Civ.A. 02-2748, 2003 WL 1618566, at *2 (E.D.La. March 26, 2003). See also Poynot v. Hicks, No. Civ. A. 02-2068, 2002 WL 31040174 (E.D.La. Sept. 12. 2002); Calogero v. Safeway Ins. Co. of La., 753 So.2d 170, 174 (La. 2000) (barring double recovery under same

11

statutes). However, the court in <u>Poynot v. Hicks</u> noted, regardless of whether Plaintiff can recover penalties under either statute, the penalty provisions under each statute "must be considered when assessing the jurisdictional amount." No. CIV.A. 02-2068, 2002 WL 31040174, at *3 (E.D.La. Sept. 12, 2002).

Therefore, the Plaintiff is potentially entitled to $5000 for each statutory penalty claimed under article 1220. With three such claims (brought under 22:1220(c)), (B)(5) and (B)(1)), the potential penalties under section 22:1220 are $15,000. In sum, and solely for the purpose of determining whether the amount in controversy requirement is met, under Louisiana Revised Statutes 22:658, the Plaintiff's potential recovery appears to be $5506.91, and $15,000.00 under 22:1220 in statutory damages. This amount, plus the <$31,000 figure Plaintiffs stipulates to as the amount still due under the current insurance claim, would not reach $75,000.

Accordingly, for purposes of the removal jurisdiction analysis, it appears to the Court that the Defendant has not met its burden of establishing the amount in controversy requirement for diversity jurisdiction.

New Orleans, Louisiana, this 26th day of June, 2006.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE